Wilberto **HERNANDEZ–MADRIGAL,**
Petitioner,

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 04–73001.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2005.[*]

Decided July 13, 2005.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Willberto Hernandez–Madrigal, San Jose, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William Campbell Erb, Jr., Attorney, Jacqueline R. Dryden, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Wilberto Hernandez–Madrigal, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's denial of his application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's resolution of questions of law de novo, and its determinations of fact, including determinations regarding eligibility for adjustment of status, for substantial evidence. *Hernandez v. Ashcroft*, 345 F.3d 824, 832 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA properly determined that Hernandez–Madrigal was ineligible for adjustment of status because, at the time of his application, the Department of State Visa Bulletin indicated that an immigrant visa was not immediately available to him, as required by 8 U.S.C. § 1255(a). *See Hernandez*, 345 F.3d at 841–42.

Hernandez–Madrigal contends that he was denied due process, but he failed to raise this issue before the BIA and we therefore dismiss for lack of jurisdiction. *See* 8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that exhaustion is mandatory and jurisdictional).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

